UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALYSSA ELSEY, on behalf of
MICHAEL ELSEY

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

Case No. 10-cv-12334

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADOPTING REPORT AND RECOMMENDATION** (docket no. 23), **DENYING ELSEY'S MOTION FOR SUMMARY JUDGMENT** (docket no. 15), **GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT** (docket no.18), **AND GRANTING THE COMMISSIONER'S MOTION TO PARTIALLY DISMISS THE COMPLAINT** (docket no. 17)

The Social Security Administration denied disability benefits and supplemental security income to Michael Elsey ("Michael") in a written decision issued by an administrative law judge ("ALJ") on September 4, 2009. Michael passed away on September 21, 2009, for reasons that are not in the record. His daughter, Alyssa Elsey ("Alyssa"), challenged the denial of benefits by filing a lawsuit in this Court pursuant to 42 U.S.C. § 405(g).[1] After referral of the matter to a magistrate judge, Alyssa and the Commissioner of Social Security ("Commissioner") filed cross-motions for summary

---

[1] The Court adopts the magistrate judge's conclusion that Alyssa has standing to bring this claim on her father's record for disability benefits, but not for supplemental security income. Report 2 n.1, ECF No. 23. While the magistrate judge did not expressly recommend granting or denying the motion to partially dismiss the complaint filed by the Commissioner, the Court will grant that motion for the reasons given in the Report.

judgment. The magistrate judge issued a Report and Recommendation ("Report") that said the Court should grant the Commissioner's motion for summary judgment, deny Alyssa's motion for summary judgment, and dismiss the complaint. Alyssa filed timely objections to the Report. Because the Court finds her objections meritless, it will adopt the Report and dispose of the motions according to the magistrate judge's recommendation.

## STANDARD OF REVIEW

Review of recommendations on dispositive motions made by a magistrate judge is governed by Civil Rule 72(b). The district judge who referred the motion is only required to perform a de novo review of the magistrate judge's findings of the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Nonetheless, because a district judge always retains jurisdiction over a motion after referring it to a magistrate judge, the district judge is entitled to review the Report and Recommendation on his own initiative. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (stating that while district judge need not review report and recommendation "de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or other standard").

Alyssa raises two objections to the Report. First, she argues that the magistrate judge failed to address or resolve several issues she raised in her summary judgment motion. Second, she claims that the ALJ improperly gave little weight to an opinion given by a physician who treated Michael, Dr. Nwanneka Odumodu. Accordingly, the Court reviews these two aspects of the Report de novo.

On judicial review of a denial of disability insurance, second-guessing the credibility findings of the ALJ is inappropriate. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d

2

679, 681 (6th Cir. 1989) ("[W]e do not review the evidence de novo, make credibility determinations nor weigh the evidence."); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). The Court only reviews the ALJ's decision to see if it is supported by substantial evidence and based on the proper legal standards in reaching her conclusion. *Id.* In determining the existence of substantial evidence, the Court must examine the administrative record as a whole. *Kirk v. Secretary*, 667 F. 2d 524, 536 (6th Cir. 1981). If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if other evidence in the record would support the opposite conclusion. *Casey v. Secretary*, 987 F.2d 1230 (6th Cir. 1993)*; Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).

## DISCUSSION

I.  Failure to Address Certain Issues Raised in Plaintiff's Motion

Alyssa argues that certain allegations made in her summary judgment motion that the magistrate judge did not discuss at length should at least be acknowledged, if not resolved in her favor. First, Alyssa claimed that the magistrate judge failed to address is the ALJ's heavy reliance upon Michael's engagement in activities of daily living. Pl.'s Mot. S.J. 7-8, ECF No. 15. Second, she argues that the magistrate judge did not discuss the ALJ's improper reliance on the findings made in the agency's original administrative decisions. *Id.* at 8. Lastly, Michael asserts that the magistrate judge did not address why the ALJ rejected as irrelevant the effects of Michael's right hip problems. *Id.* at 8-9.

The Court first takes up the contention that the ALJ improperly weighed Michael's duties as a caretaker in reaching her decision. Alyssa is correct to observe that the ability to engage in normal daily activities cannot, on its own, justify a finding that an applicant is

not disabled. *Walston v. Gardner*, 381 F.2d 580, 586–87 (6th Cir. 1967). The ALJ's report mentioned that Michael took care of his mother by performing most daily household tasks, but it did not use these facts to the exclusion of all others. For the most part, the evidence of daily activities was used to discredit "his allegations of debilitating pain and functional limitations which preclude the performance of all work related activities," and the ALJ never claimed that this activity was the equivalent of engaging in an eight-hour workday. A.R. 23. The ALJ's proposed functional limitation was adequately supported by the examinations of Drs. Satish Mehta, R. Patel, and Joel DeGuzman. Based on those medical reports, the ALJ could have reasonably concluded that while Michael had a slightly abnormal gait and mild to moderate degenerative arthritis, he was still capable of performing a job with a sit-stand option that permitted the use of a cane.

Next, the Court finds that the ALJ's reliance on the state agency's administrative decision is not as harmful as Alyssa makes it out to be. The ALJ observed that the state agency relied heavily on Dr. Patel's examination of Michael, and she discussed the findings of that underlying medical examination extensively. A.R. 23. Dr. Patel's examination showed that Michael walked with a limp and likely had degenerative arthritis, but also noted that he complained of pain in only one of his hips and could walk for long distances. A.R. 194–96. The report also concluded that his physical condition was, for the most part, quite sound. Whatever "reliance" the ALJ placed on the state agency's decision was de minimis, and does not constitute grounds for a remand to the ALJ.

Finally, there was no error in the ALJ's handling of evidence that Michael was considering a total hip replacement surgery on his right hip. Alyssa argues that the need for a replacement suggested he had debilitating hip pain well before the date of the

4

decision. Pl.'s Mot. S.J. 8–9 ("[O]ne does not simply wake up one day, in need of a total hip replacement. Instead, it takes far *more* than 12 months for the need for such a drastic measure to arise . . . ."). But no one disagrees that Michael suffered from pain in his right hip before the date last insured. The evidence does not help Alyssa because (1) retrospectively, it did not call into question the opinions of the physicians who examined him, and (2) propsectively, the procedure would have helped him and was unlikely to lead to a prolonged convalescence that would trigger disability benefits of its own accord.

Therefore, even if the magistrate judge should have fleshed out her treatment of these arguments in more detail, none of them suggest that the ALJ's decision was erroneous. Therefore, the Court will overrule the objection.

II. <u>Weight Accorded to the Opinion of Dr. Odumodu</u>

Alyssa maintains that the magistrate judge improperly affirmed the ALJ's decision to give little to no weight to the medical opinion of Dr. Odumodu, contained in a residual functional capacity form questionnaire ("Form"). A.R. 231-34. The ALJ did not rely on Dr. Odumodu's opinion about Michael's functional capacity because it was "conclusory" and "contain[ed] no details, clinical observations or other support for the assertion the claimant is unable to work." A.R. 24. Moreover, it was "based upon only a two month treatment history," and the final opinion did not find support in any of the treatment notes. A.R. 24. The ALJ suspected that the opinion was motivated by a desire to help Michael obtain disability benefits, given the great disparities between Dr. Odumodu's opinion and the rest of the record. A.R. 24.

It is well-established that "*if* a treating source's medical opinion is *well-supported* and *not inconsistent with the other substantial evidence in the case record*, it must be given

5

'controlling weight.'"[2]  SSR 96-2p (July 2, 1996) (emphasis added), *available at* http://www.ssa.gov/OP_Home/rulings/di/01/SSR96-02-di-01.html.  When an ALJ chooses *not* to give an opinion controlling weight, either because it is poorly supported or because it is inconsistent with the record, she must "apply certain factors — namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source — in determining what weight to give the opinion." *Wilson v. Comm'r of Social Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (discussing requirements of 20 C.F.R. 404.1527(d)(2)(i)–(ii)).

Here, the ALJ determined that Dr. Odumodu's opinion was neither well-supported nor consistent with the rest of the record. Dr. Odumodu offered little objective evidence to support her April 2009 statement of disability. In the Form completed by Dr. Odumodu, she did not fill out the questions regarding specific functional limitations. Instead, she repeatedly answered "unable to work" for each question. A.R. 232-33. She indicated that Michael could sit or stand for "0 minutes" at one time, which is not only completely at odds with the records, but internally incoherent. A.R. 232. The Court agrees with the ALJ's assessment that Dr. Odumodu's opinion "depart[ed] substantially from the rest of the evidence in of record." A.R. 24. In light of these findings, the ALJ rightly concluded that Dr. Odumodu's opinion was not entitled to controlling weight, and appropriately discounted

---

[2] The Court hesitates to conclude that this framework is even applicable in a context where there was more than one treating physician. *See Martin v. Comm'r of Social Sec.*, 170 F. App'x 369, 372 (6th Cir. 2006) ("When there are multiple doctors with opposing opinions, an ALJ's decision to reject the opinion of a treating doctor is reviewed under the substantial evidence standard."). Because the ALJ appropriately handled the evidence under either standard, the Court will not resolve this issue.

the evidence in light of its shortcomings. The Court will therefore overrule the second objection.

## ORDER

**WHEREFORE,** it is hereby **ORDERED** that the magistrate judge's Report (docket no. 23) is **ADOPTED** and the objections (docket no. 24) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Elsey's motion for summary judgment (docket no. 15) is **DENIED**, the Commissioner's motion for summary judgment (docket no. 18) is **GRANTED**, and the Commissioner's motion to partially dismiss the complaint (docket no. 17) is **GRANTED**.

**SO ORDERED.**

s/Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: October 13, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 13, 2011, by electronic and/or ordinary mail.

Carol Cohron  
Case Manager
